**Yaakov J. REVAH, Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

No. 11–70229.

United States Court of Appeals, Ninth Circuit.

Submitted April 9, 2014.*

Filed Sept. 17, 2014.

Edward Morris Robbins, Jr., Esquire, Cory Stigile, Esquire, Hochman Salkin Rettig Toscher & Perez, PC, Beverly Hills, CA, for Petitioner–Appellant.

Regina S. Moriarty, Gilbert Steven Rothenberg, Esquire, Deputy Assistant Attorney General, John A. Dicicco, Acting Assistant Attorney General, U.S. Department of Justice, Robert R. Di Trolio, Esquire, Clerk, U.S. Tax Court, William J. Wilkins, Chief Counsel, Internal Revenue Service, Washington, DC, for Respondent–Appellee.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: THOMAS, M. SMITH, and CHRISTEN, Circuit Judges.

MEMORANDUM **

Yaakov Revah appeals from the decision of the tax court concluding that equitable recoupment does not apply to offset his income tax liabilities, and upholding the determination of the Internal Revenue Office of Appeals to proceed with the collection of such liabilities. Because the parties are familiar with the facts and procedural history of this case, we repeat only those facts necessary to resolve the issues raised on appeal. We reverse and remand.

A party seeking equitable recoupment must demonstrate that: (1) the "same transaction, item, or taxable event" is subject to two taxes; (2) the taxes are "inconsistent in that the Tax Code authorizes only a single tax"; (3) the tax sought to be recouped is time barred; (4) there is an "identity of interest between the parties paying the duplicative tax"; and (5) "the court in which the recoupment claim is brought must independently have jurisdiction to adjudicate the claim." *Estate of Branson v. Comm'r,* 264 F.3d 904, 909–10 (9th Cir.2001) (internal quotations omitted).

The tax court concluded that Revah could not demonstrate that the Internal Revenue Service applied two inconsistent taxes. The tax court reasoned that Revah's inability to use net operating losses to reduce tax liabilities was the result of his failure to make his refund claims within the proper time period, rather than the result of inconsistent theories of taxation.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The tax court's conclusion that Revah is not entitled to equitable recoupment due to his failure to timely file is erroneous. In *United States v. Bowcut*, we rejected the government's argument that recoupment should not be permitted because the situation from which relief was sought was created by the taxpayer's untimely refund claim. 287 F.2d 654, 657 (9th Cir.1961); *see also Branson*, 264 F.3d at 918 (citing *Bowcut* to reject government's argument that petitioner was not entitled to equitable recoupment because she did not diligently pursue her refund claim). Rather, both *Bowcut* and *Branson* concluded that equitable recoupment was available even though the claims at issue were not timely filed. *Branson*, 264 F.3d at 918; *Bowcut*, 287 F.2d at 657.

Therefore, even though Revah failed to timely file his refund claims, his untimeliness is not a ground upon which the tax court may deny equitable recoupment. *See Branson*, 264 F.3d at 918; *Bowcut*, 287 F.2d at 657. The tax court thus erroneously concluded that Revah's failure to timely assert his refund claims precluded him from satisfying the equitable recoupment requirement that the taxes be inconsistent. Accordingly, we reverse and remand for further proceedings consistent with this memorandum disposition.

**REVERSED AND REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.